### ELIAS MOSS v. WILMARTH HINDES.

#### *Pleading.*

In an action of trespass for taking property, the defendant plead the organization and existence of a school district, the warning and holding of a school meeting, the voting of a tax, the plaintiff's liability therefor, its assessment by the prudential committee, the issuing and delivery to the defendant of a warrant for the collection of the tax, his proceedings in taking the plaintiff's *property, as collector,* by virtue of the tax bill and warrant, &c.;—to which the plaintiff replied that the supposed tax "was not legally and duly assessed by the then prudential committee of said school district upon the lists of said district." *Held,* upon special demurrer, that a single issue was thereby presented, and that the replication was sufficient.

TRESPASS, for taking a pair of oxen and seven cows. The defendant justified the taking as collector of a school district. His plea averred the organization and existence of the district,—an

application and warning for, and the holding of a school district meeting,—the voting of a tax,—the liability of the plaintiff to be taxed in that district,—that the prudential committee duly and legally assessed the tax voted on the grand lists of the inhabitants, &c.,—the issue and delivery to the defendant, who was the collector of said district, of a warrant for the collection of said tax, and his proceedings in calling upon the plaintiff, and afterwards taking and disposing of the property referred to in payment of the tax against the plaintiff. To this plea the plaintiff replied that he ought not to be barred, &c.,—" because he says that said supposed tax, under " which the defendant attempts to justify the taking of said pair of " oxen and seven cows was not legally and duly assessed by the " then prudential committee of said school district, upon the lists " of said district, as averred in said plea, and of this he puts him- " self upon the country for trial."

To this replication the defendant demurred, and assigned, for special cause of demurrer, " that the said replication is informal, double and not issuable, and is so framed and constructed that no certain formal and single and material issue can be taken thereon, in this, that the said replication avers that the said supposed tax, under which the defendant attempts to justify the taking of said pair of oxen and seven cows, was not legally and duly assessed by the then prudential committee of said school district, upon the lists of said district, thus making the issue rest upon several separate and distinct points, and involving more than a single issue, whereas the said defendant should have set up in *what* point said tax was illegally assessed by said prudential committee upon the lists of. said district, and thus have formed but a single issue. And also for that the said replication is, in other respects, uncertain, informal and insufficient," &c.

The county court, June Term, 1855,—PIERPOINT, J., presiding, —adjudged the replication insufficient. Exceptions by the plaintiff.

*O. Seymour* and *L. E. Chittenden* for the plaintiff.

The replication in this case is sufficient. It takes issue upon a single averment in the defendant's plea,. and is not multifarious. *Robinson* v. *Raley*, 1 Smith's Leading Cases 500, and notes.

If matter of law and fact is joined in the plea, or in any one

averment in the plea, it is then traversable, for this is the only mode by which the facts are to be settled, on which the law depends. 1 Chitty's Pleading 613.

*P. C. Tucker* and *J. Pierpoint* for the defendant.

The replication rests upon the ground that the school tax, under which the defendant acted, "was not legally and duly assessed by the then prudential committee." It is contended for the defendant that this embraces *more* than a single point. It involves the organization of the school district, the correctness of the grand list, the action of the clerk of the district, the legality of the district meeting, the choice of its officers, as well as the assessment of the tax itself, and a variety of other matters, part of record and part not of record, part matter of law and part matter of fact. Each of these constitutes a single point in itself, which the plaintiff is at liberty to traverse and try, but he may not legally so frame his replication as to force the defendant to prove them all.

The opinion of the court was delivered, at the circuit session in June, by

ISHAM, J. The replication in this case denies the averment which is made in each of the several pleas in bar, that the tax was duly assessed by the prudential committee, upon the lists of the district, as therein averred. It is insisted that the replication is defective in not being single, that it puts in issue two or more separate and independent facts, each of which constitutes a defense to the action, and that it is subject to the same objections which would exist to the general replication *de injuria*. Whether a general denial of the several pleas, under the replication *de injuria*, could be sustained or not is not now the question in the case, as this replication is not of that character, nor is it subject to similar objections. The only inquiry arising under this replication is, was that tax duly assessed? To assess a tax, is to fix and ascertain the true amount to be paid by each person liable to be taxed. That is the ordinary meaning of the word, and in that sense it was used in the statute directing the duties of the prudential committee in making up a school district tax. Comp. Stat. 149, § 41. The testimony under that replication would be confined to the single inquiry whether

the prudential committee, from the vote of the district and the grand list, did truly ascertain and fix the true amount to be paid by each inhabitant of the district, and was the true amount ascertained and fixed against the plaintiff? The organization of the school district, the legality of that district meeting, the vote of the tax, and the liability of the plaintiff to be assessed, are facts which must precede in order of time the action of the committee in making the assessment or rate bill, and, if those facts were put in issue by this replication, it might possibly be subject to the objections which have been urged. But we are satisfied that those facts are not parcel of the issue, nor are they involved in any inquiry arising out of the matter stated in this replication. Those facts are all material and traversable, but as they are not denied by the replication, they are, on the face of the pleading, admitted to be true, as averred. We think the replication is a good answer to the plea in bar.

The judgment of the county court is reversed, and judgment is rendered for the plaintiff.

Leave to amend was granted on the usual terms.